IN THE
UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 JUL 16 A 9 21

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

LASHUNDRA JACKSON,        )
                         )
        Plaintiff,        )
                         )
                         )
                         )
v.                        )        CIVIL ACTION NUMBER:
                         )        2:07 cv 645 -MEF
                         )
STATE OF ALABAMA          )
DEPARTMENT OF             )
TRANSPORTATION, JOE MCINNES,  )
in his official capacity as   )
Director of the State of      )
Alabama Department of         )        JURY DEMAND
Transportation;               )
                         )
        Defendants.       )

## COMPLAINT

### I. Introduction

1.    This is an action for legal and equitable relief to redress unlawful retaliation and discrimination on the basis of race and sex against the plaintiff. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 2000e et seq. (hereinafter "Title VII"); 42 U.S.C. § 1981 (hereinafter "§ 1981"); and the fourteenth amendment to the Constitution of the United States. The plaintiff asserts her claims for relief for the defendants' violations of § 1981 and the Fourteenth Amendment through 42 U.S.C. § 1983 (hereinafter "§ 1983"). The plaintiff requests a trial by jury of all issues triable by a jury.

## II.    Jurisdiction

2.    Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.

## III.    Administrative Exhaustion

3.    The plaintiff has met all administrative conditions precedent for filing this case under Title VII. She filed a timely charge with the Equal Employment Opportunity Commission alleging retaliation and discrimination and harassment on the basis of race and sex and is filing this suit within 90 days of receiving her notice of her right to sue.

## IV.    Parties

4.    Plaintiff, LaShundra Jackson, an African American female, is a resident of Mobile County, Alabama and is over the age of nineteen (19) years. At the time of the discrimination complained of herein, the plaintiff was a resident of Mobile County, Alabama.

5.    Defendant State of Alabama Department of Transportation ("ALDOT") is an employer subject to suit under Title VII of the Civil Rights Act of 1964. ALDOT has more than fifteen (15) employees and maintains principal offices in Montgomery County, Alabama.

6.    Defendant Joe McInnes is named in his official capacity as Director of the State of Alabama Department of Transportation.

## V.    Statement of Facts

7.    The plaintiff realleges and incorporates by reference paragraphs 1-6 above with the same force and effect as if fully set out in specific detail herein below.

8.    LaShundra Jackson was hired by the Alabama Department of Transportation on July 3, 2006, as a Engineering Assistant.

9.      Soon after Ms. Jackson started working with the Department of Transportation, her supervisors would assign her to work on highway projects where she would be the only ALDOT employee present on the project. She received no training from ALDOT during these assignments.

10.     Ms. Jackson complained in writing in October 2006 and January 2007 that she believed that she was being discriminated against in work assignments and regarding her performance appraisal, among other things.

11.     On January 3, 2007, Ms. Jackson brought a note from her doctor to her supervisor, Project Engineer Bret Paulk, stating "no heavy lifting during pregnancy."

12.     When Ms. Jackson gave the note to Mr. Paulk, which was the first time he was notified of her pregnancy, he told her: "You won't go very far as an EA I in your condition."

13.     On January 18, 2007, Ms. Jackson was issued a written reprimand for insubordination for and event that occurred on January 5, 2007, where she expressed concern to Mr. Paulk about signing a tape recording policy issued by the Department of Transportation. Mr. Paulk had given Ms. Jackson until the end of the day on January 5 to sign the policy, and she did sign it by the end of the day. During a meeting on that day, a member of ALDOT management asked Ms. Jackson if she felt she was being discriminated against, and she told him she thought she was.

14.     In February 2007, Ms. Jackson gave Mr. Paulk a letter from her doctor stating that she should perform office duties until after the delivery of her baby. Mr. Paulk continued to assign Ms. Jackson to work in the field on highway projects after Ms. Jackson gave him the note.

15.     ALDOT terminated Ms. Jackson's employment by letter dated March 6, 2007. The letter offered no reason for her termination; nor did any of her supervisors or anyone else at ALDOT.

16.     Similarly situated white and male employees, similarly situated employees who did not complain of discrimination, and similarly situated employees who were not pregnant, have

engaged in conduct similar to that of which Ms. Jackson was accused have not been terminated by ALDOT.

17.     All actions alleged herein were committed under color of State law and have violated the plaintiff's rights under the Fourteenth Amendment of the United States Constitution. Defendants engaged in the discriminatory practices complained of herein with malice and/or with reckless indifference to plaintiff's federally protected rights.

## VI.    CAUSES OF ACTION

### COUNT I - RACE DISCRIMINATION IN VIOLATION OF TITLE VII

18.     The plaintiff realleges and incorporates by reference paragraphs 1-17 above with the same force and effect as if fully set out in specific detail hereinbelow.

19.     As discussed above, the Department's treatment of Ms. Jackson was based, at least in part, on her race (African-American).  The defendants thus have violated the proscription against race discrimination found in Title VII.

20.     The plaintiff asserts her Title VII claims against the Department only, and not against the individual defendant.

### COUNT II - RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

21.     The plaintiff realleges and incorporates by reference paragraphs 1-20 above with the same force and effect as if fully set out in specific detail hereinbelow.

22.     As discussed above, the defendants' treatment of the plaintiff was based, at least in part, on the plaintiff's race (African-American).  The defendants thus have violated the plaintiff's right to make and enforce contracts on the same basis as white persons.

23.     The plaintiff asserts this claim through § 1983, and only against Defendant McInnes in his official capacity.

## COUNT III - RETALIATION IN VIOLATION OF TITLE VII

24.     The plaintiff realleges and incorporates by reference paragraphs 1-23 above with the same force and effect as if fully set out in specific detail hereinbelow.

25.     The plaintiff's complaints of discrimination were protected opposition to conduct that the plaintiff reasonably believed was unlawful. The defendants' treatment of the plaintiff, as discussed above, was causally connected to the plaintiff's protected activity and thus violated Title VII's proscription against retaliation for opposing discriminatory employment practices.

## COUNT IV - RETALIATION IN VIOLATION OF 42 U.S.C. §1981

26.     The plaintiff realleges and incorporates by reference paragraphs 1-26 above with the same force and effect as if fully set out in specific detail hereinbelow.

27.     The plaintiff's complaints alleging that she was being discriminated against based on her race were protected opposition to conduct that the plaintiff reasonably believed was unlawful.

28.     The defendants' treatment of the plaintiff, as discussed above, was causally connected to the plaintiff's protected activity and thus violated 42 U.S.C. §1981's proscription against retaliation for opposing discriminatory employment practices.

29.     The plaintiff asserts this claim through § 1983, and only against defendant McInnes in his official capacity.

## COUNT IV – SEX AND PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

30.     The plaintiff realleges and incorporates by reference paragraphs 1-30 above with the same force and effect as if fully set out in specific detail hereinbelow.

31.     As discussed above, the Department's treatment of the plaintiff was based, at least in part, on the plaintiff's sex and the fact of her pregnancy. The defendants thus have violated the

proscription against sex and pregnancy discrimination found in Title VII. The plaintiff asserts her Title VII claims against the Department only, and not against the individual defendant.

## VII.    PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII and 42 U.S.C. § 1981.

2.    Enter an Order requiring the defendants to make the plaintiff whole by reinstating her, awarding her backpay (plus interest), compensatory damages, lost seniority, nominal damages, benefits and loss of pension.

3.    The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

Kell A. Simon
Alabama State Bar No. ASB-0214-O77K

OF COUNSEL:

ROSS MELTON PC
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677
(512) 474-5306 (facsimile)

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

_____
Kell A. Simon
Alabama State Bar No. ASB-0214-O77K

Plaintiff's Address:

LaShundra Jackson
714 South Cedar Street
Mobile, Alabama 36603

Defendants' Addresses:

Alabama Department of Transportation
1409 Coliseum Blvd.
Montgomery, Alabama 36110

J. D. McInnes
Alabama Department of Transportation
1409 Coliseum Blvd.
Montgomery, Alabama 36110