IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LASHUNDRA JACKSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO.: 2:07-CV-645-MEF |
| | § | |
| STATE OF ALABAMA DEPARTMENT OF | § | |
| TRANSPORTATION, JOE MCINNES, IN HIS | § | |
| OFFICIAL CAPACITY AS DIRECTOR OF THE | § | |
| STATE OF ALABAMA DEPARTMENT OF | § | |
| TRANSPORTATION | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER VENUE**

On August 7, 2007, defendants filed with this Court a Motion to Transfer Venue, contending that this case should be transferred to the United States District Court for the Southern District of Alabama. For the reasons that follow, defendants' Motion should be denied.

1. Title VII contains its own venue provision. *See* 42 U.S.C. §§ 2000e-5(f)(3). Section 2000e-5(f)(3) reads in pertinent part as follows:

> Such an action may be brought in ***any judicial district in the State in which the unlawful employment practice is alleged to have been committed***, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

*Id.*

2. The basis for defendant's request to transfer venue is that moving this case to the Southern District of Alabama, which includes Mobile County, would be more convenient to "all

parties involved in this action," and to the witnesses as well. Def. Motion at ¶3. This is incorrect, and defendants have not offered sufficient grounds to disturb plaintiff's choice of forum, where the case must be litigated unless plaintiff's choice is "clearly outweighed" by other considerations. *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir.1996)(citing 28 U.S.C. §§ 1404 and *Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir. Unit B 1981), *cert. denied,* 456 U.S. 918 (1982)). When deciding whether transfer is appropriate, the court must consider several factors: (1) the plaintiff's initial choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the relative ease of access to sources of proof; (5) the availability of compulsory process for witnesses; (6) the location of relevant documents; (7) the financial ability to bear the cost of the change; and (8) trial efficiency. *See Folkes v. Haley*, 64 F.Supp.2d 1152 (M.D.Ala.1999). Defendants have offered assertions relating to some of these factors, and has left others unaddressed. It should be noted that defendants have produced no evidence whatsoever in support of their Motion, and offer no verifiable factual support. Reviewing the factors listed above, it is apparent that venue is proper in this District, where the case was originally filed.

  3.  With regard to the first factor, "plaintiff's initial choice of forum," the Eleventh Circuit has explained that "the plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson, supra,* at 260. Here, plaintiff chose to litigate this case in the Middle District of Alabama. The Department of Transportation's personnel records are located there, as is the individual defendant, who, upon information and belief, made the decision to terminate the plaintiff's employment. Plaintiff chose to litigate in this district and her choice should not be disturbed. While defendants contend that "neither counsel for Plaintiff nor counsel for Defendants would be inconvenienced by transferring venue inasmuch as Plaintiff's counsel is located in Austin, Texas, and Defendants' counsel are located in Montgomery, Alabama", the inquiry

is not whether it would be inconvenient to *transfer* venue, but rather whether it would be inconvenient to maintain venue in this District[1]. No such inconvenience has been shown.

4.      On the second *Folkes* factor, the convenience of the parties, plaintiff has chosen this forum as one convenient to her. The other individual party, McInnes, works in the Department of Transportation's Central Office in Montgomery, and the Department of Transportation is headquartered in Montgomery. Defendants have made no showing that plaintiff's choice of venue should be disturbed for the convenience of any party.

5.      Nor have defendants produced any competent evidence to show that any witness in this case would be inconvenienced by litigating the case in this District. To obtain a venue transfer, "the moving party **must make a specific showing of inconvenience to witnesses**." *Electronic Transaction Network v. Katz,* 734 F.Supp. 492, 502 (N.D.Ga.1989)(emphasis supplied). *See also Maid Brigade Systems, Inc. v. Carpenter* 1994 WL 903888, *9 (N.D.Ga.,1994) (denying motion to change venue where moving party "failed to make a specific showing that any key witnesses will be inconvenienced. In fact, Defendants have failed to identify any witnesses by name."); *Duckworth v. Medical Electro-Therapeutics, Inc.* 768 F.Supp. 822, 831 (S.D.Ga.,1991)(denying request to transfer venue where moving parties "assert vaguely that the 'key' witnesses live in Nashville, and they suggest that any witnesses added at the last minute may be Nashville residents as well. The defendants do not identify these 'key' witnesses, nor do they suggest who the last minute witnesses might be"). Defendants have made no showing as to the identities of the witnesses in question in this case, how many there are, or where such witnesses reside or are employed. As such, defendants

---

[1] Defendants' counsel, who are in-house counsel located in Montgomery, certainly cannot claim to be inconvenienced by maintaining venue in this District. And indeed, the convenience of counsel is not part of the analysis for a change of venue motion. *Bartronics, Inc. v. Power-One, Inc.* 2007 WL 1322386, *2 (S.D.Ala.) (S.D.Ala.,2007)(holding that convenience of counsel "is emphatically not a proper consideration" in the transfer analysis.").

cannot contend that any witnesses would be inconvenienced by maintaining this case in this District.

6. Furthermore, any witness who does reside or work Mobile is protected by Fed. R. Civ. P. 45(c)(3)(ii) against having to travel to Montgomery for a deposition, as Montgomery is approximately 170 miles from Mobile. Defendants have not identified any particular witness who they can even argue would be inconvenienced by retaining the case in this venue, and as such has not provided any grounds for disturbing plaintiff's choice of venue. Nor have defendants produced any evidence to show that "trial efficiency", the eighth factor in the venue analysis, would be adversely affected by maintaining the case in this District.

7. Factors 4 and 6 (the relative ease of access to sources of proof and the location of relevant documents) may be analyzed together. While defendants contend that "ALDOT's Ninth Division office in Mobile, Alabama, maintains and administers Plaintiff's personnel records," defendants have offered no evidence in support of this contention, and it is incorrect. The undersigned has prosecuted several employment discrimination cases against the Department of Transportation, all arising out of various ALDOT Divisions around the State of Alabama (and all litigated in this District), including *Cabbil v. ALDOT*, (2:05-cv-00513-MHT-CSC, plaintiff employed in Tuscaloosa, Alabama), *Reed v. ALDOT* (2:04-cv-00732-MEF-DRB, plaintiff employed in Mobile, Alabama), and *Minor v. ALDOT*, (2:98-cv-00310-CSC, plaintiff employed in Decatur, Alabama). In all such cases, the undersigned, who used to maintain offices in Birmingham, traveled to ALDOT's Central Office in Montgomery to review personnel files of ALDOT employees throughout the State. While it may be correct that some personnel information regarding the plaintiff was maintained in Mobile, such documents would be easily transmitted to Montgomery, where defendants' counsel are located. All of ALDOT's personnel files are centrally located in Montgomery, as are the personnel files of ALDOT employees maintained by the State of Alabama

Personnel Department. Thus, the "sources of proof" and "relevant documents" are found in Montgomery, and venue should be maintained here.

8. Defendants have attempted to transfer venue in a similar case, in a similar fashion, and that request was summarily denied by Magistrate Judge Charles S. Coody. *See Minor v. Alabama Department of Transportation, et al.*, 2:98-cv-00310-CSC (doc. no. 8, 21)[2]. Plaintiff respectfully requests that this Court decline defendants' request in this case as well. As shown above, defendants have litigated numerous cases in this District where the plaintiff was employed outside of Montgomery and in another federal judicial District (Tuscaloosa, Huntsville, and Mobile), and did so efficiently. Defendants have not made any showing as to the inconvenience of any party or witness to maintaining this litigation in plaintiff's chosen forum, or provided sufficient justification under any of the factors enumerated above that would support their request to change venue. As such, defendants' Motion to Transfer Venue should be denied.

Respectfully submitted

ROSS | MELTON, P.C.
1104 San Antonio Street
Austin, Texas 78701
Telephone: 512/474-7677
Facsimile: 512/474-5306

s/ Kell A. Simon
Kell Simon
Alabama State Bar No.: ASB-0214-O77K

---

[2] Plaintiff's counsel, who represented the plaintiff in the *Minor* case, is now employed with a different law firm from the one he worked for when the *Minor* case was litigated, and thus no longer has access to the documents in *Minor*. They are also not available on the Court's electronic filing system, though the docket may be viewed there. As such, he is unable to attach a copy of Magistrate Judge Coody's Order denying the change of venue motion.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 17th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECT system, which will send notification to the following:

Jim R. Ippolito, Jr.
Andrew W. Redd
Jason A. Trippe
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110

                                          s/ Kell A. Simon_____
                                          Of counsel