**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| LASHUNDRA JACKSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | **CASE NO. 2:07-cv-645-MEF** |
| STATE OF ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, JOE MCINNES, *etc.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**ANSWER OF DEFENDANTS ALABAMA DEPARTMENT OF TRANSPORTATION
AND JOE McINNES TO PLAINTIFF'S COMPLAINT**

Defendants, State of Alabama Department of Transportation and Joe McInnes, as

Director of the Alabama Department of Transportation, submit the following answer to

Plaintiff's Complaint (Doc. No. 1) and its corresponding numbered paragraphs:

**I.      Introduction**

    1.    No response is necessary.

**II.     Jurisdiction**

    2.    Admit.

**III.    Administrative Exhaustion**

    3.    Admit, except as to the allegation of retaliation.

**IV.    Parties**

    4.    Admit.

    5.    Defendants admit that State of Alabama Department of Transportation is an

employer with more than 15 employees subject to suit under Title VII of the Civil Rights Act of

1964.

6.      Defendants admit that Joe McInnes is named in his official capacity as Director of the Alabama Department of Transportation.

**V.      Statement of Facts**

7.      No response is necessary to this paragraph.

8.      Admitted.

9.      Defendants are without sufficient information to admit or deny the allegations of paragraph 9.

10.     Admit that on October 14, 2006, Plaintiff filed an internal complaint with Defendant Alabama Department of Transportation.  Admit that Plaintiff submitted a rebuttal on January 21, 2007 to the January 18, 2007 letter of reprimand.

11.     Defendants are without sufficient information to admit or deny the allegations of paragraph 11.

12.     Denied.  Strict proof demanded.

13.     Denied.  Strict proof demanded.

14.     Denied.  Strict proof demanded.

15.     Admit that the March 6, 2007 letter stated that "[i]t has been determined that your services are no longer required."

16.     Denied.  Strict proof demanded.

17.     Denied.  Strict proof demanded.

**VI.     Causes of Action**

**COUNT I – RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

18.     No response is necessary to this paragraph.

19.     Denied.  Strict proof demanded.

20.    No response is necessary to this paragraph.

## COUNT II – RACE DISCRIMINATION IN VIOLATION OF 42 U. S. C. § 1981

21.    No response is necessary to this paragraph.

22.    Denied.  Strict proof demanded.

23.    No response is necessary to this paragraph.

## COUNT III – RETALIATION IN VIOLATION OF TITLE VII

24.    No response is necessary to this paragraph.

25.    Denied.  Strict proof demanded.

## COUNT IV – RETALIATION IN VIOLATION OF 42 U. S. C. §1981.

26.    No response is necessary to this paragraph.

27.    Denied.  Strict proof demanded.

28.    Denied.  Strict proof demanded.

29.    No response is necessary to this paragraph.

## COUNT V – SEX AND PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

30.    No response is necessary to this paragraph.

31.    Denied.  Strict proof demanded.

## VII.   Prayer for Relief

1.    Defendants deny that Plaintiff is entitled to a permanent injunction from this

Court and deny that they have violated or continue to violate Title VII and 42 U.S.C. § 1981.

2.    Defendants deny that Plaintiff is entitled to reinstatement, back pay,

compensatory damages, lost seniority, nominal damages, benefits and loss of pension.

3.    Defendants deny that Plaintiff is entitled to attorney's fees, costs, expenses or any

other form of relief.

4.      Defendants deny each and every allegation of Plaintiff's Complaint (Doc. No. 1)

not heretofore expressly admitted, and further deny that Plaintiff is entitled to any recovery of

any damages.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

Plaintiff failed to exhaust her administrative remedies.

### THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff has suffered no damages.

### FIFTH DEFENSE

Plaintiff failed to mitigate damages.

### SIXTH DEFENSE

Any adverse employment actions, decisions, or differential treatment were based on

nondiscriminatory and legitimate purposes.

### SEVENTH DEFENSE

Any adverse employment actions, decisions, or differential treatment were based on

factors other than racial discrimination or retaliation.

4

## EIGHTH DEFENSE

The defendants plead the *Mt. Healthy* defense.  The same personnel decisions would have

been taken even in the absence of discriminatory or retaliatory motive.

## NINTH DEFENSE

ALDOT pleads the affirmative defense of estoppel.

## TENTH DEFENSE

ALDOT pleads the affirmative defense of waiver.

## ELEVENTH DEFENSE

No actions by the defendants were motivated by facial, invidious discriminatory animus.

## TWELTH DEFENSE

Eleventh Amendment immunity bars any relief against the State-defendant ALDOT.

## THIRTEENTH DEFENSE

ALDOT pleads the defense of *laches*.

## FOURTEENTH DEFENSE

All claims against Defendant McInnes, sued in his official capacity, are barred by the

Eleventh Amendment to the Constitution of the United States.

## FIFTEENTH DEFENSE

Plaintiff's 42 U.S.C. § 1981 claims, pled through 42 U.S.C. § 1983 and presented in

Counts II and IV, are due to be dismissed as Defendant McInnes (sued in his official capacity) is

not a "person" who can be sued under § 1983.

## SIXTEENTH DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any race

discrimination, and Plaintiff unreasonably failed to take advantage of the preventive or corrective

opportunities provided by ALDOT or to avoid harm otherwise.  Defendants disseminated an

antidiscrimination policy which was in full force and effect and fully and properly responded to

Plaintiff's complaints about race discrimination.

### SEVENTEENTH DEFENSE

Defendants reserve the right to raise additional defenses.

### EIGHTEENTH DEFENSE

Defendant ALDOT pleads the defense of qualified immunity.

RESPECTFULLY SUBMITTED
TROY KING
ATTORNEY GENERAL

s/ Andrew W. Redd
Jim R. Ippolito, Jr. (IPP001)
Assistant Attorney General
Chief Counsel

Andrew W. Redd (RED001)
Jason A. Trippe (TRI012)
Assistant Attorneys General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
redda@dot.state.al.us
trippej@dot.state.al.us

6

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **LASHUNDRA JACKSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) **CASE NO. 2:07-cv-645-MEF** |
| **STATE OF ALABAMA DEPARTMENT OF** | ) |
| **TRANSPORTATION, JOE MCINNES, *etc.*,** | ) |
| | ) |
| **Defendants.** | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on **September 13, 2007**, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECT system, which will send notification to the following:

Mr. Kell A. Simon, Esq.
Ross Melton, P.C.
1104 San Antonio Street
Austin, Texas 78701
ATTORNEY FOR PLAINTIFF

s/ Andrew W. Redd
Andrew W. Redd (RED001)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
redda@dot.state.al.us

7