IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LASHUNDRA JACKSON, | ) |
| | ) |
|    Plaintiff, | ) |
| v. | )   CASE NO. 2:07-cv-645-MEF |
| | ) |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF TRANSPORTATION., *et al.,* | ) |
| | ) |
|    Defendants. | ) |

# **ORDER**

This cause is before the Court on the Joint Motion to Modify Scheduling Order (Doc.# 14) filed on May 7, 2008. By this motion, the parties jointly seek to extend the deadline for filing dispositive motions from May 30, 2008 to June 30, 2008 so that they may conduct certain unspecified depositions. The Court finds this request to be an unreasonable one.

This case was filed on July 16, 2007. The parties conducted their planning meeting pursuant to Federal Rule of Civil Procedure 26(f) on September 17, 2007. As of the moment they completed that meeting they were free to conduct whatever discovery was necessary to prepare the case. Indeed, they could have conducted discovery even before that meeting by mutual agreement. The parties have made no effort to explain to the Court why discovery they required was not conducted between September 17, 2007 and the date of their motion, May 7, 2008. All the parties had told the Court in their motion is that certain unspecified depositions have not been taken and apparently cannot be taken until mid-June.

On September 18, 2007, the parties submitted the report of their planning meeting to the Court. They proposed a trial setting in August of 2008 and an April 1, 2008 deadline for

the filing of dispositive motions. On September 21, 2007, the Court entered its Uniform Scheduling Order (Doc. # 13) in this case. It set the case for trial on September 29, 2008 and for pretrial on August 28, 2008. Consistent with its longstanding and firm policy, the Court set the deadline for the filing of dispositive motions on May 30, 2008, roughly ninety days before the pretrial. This deadline afforded the parties two months more than they had requested for filing dispositive motions. As of September 21, 2007, the parties had clear notice that any discovery pertinent to dispositive motions would have to be completed prior to the dispositive motion deadline of May 30, 2008. Nevertheless, the parties, for unknown reasons, failed to complete the unspecified depositions for which they would now like to have this Court delay this case.

Even prior to the issuance of the Uniform Scheduling Order, the parties had full notice that ninety days before the pretrial conference was the latest date on which the Court's calendar would allow for the filing of dispositive motions. In fact, the lawyers should be familiar with this Court's practice from their many other cases before the Court or from the information provided on the Court's website:

> Litigants before the Court are entitled to careful consideration of the issues by the Court. In order to give non-movants a reasonable time to respond and movants time to reply, final submission is approximately a month after the dispositive motion is filed. *The Court must have sufficient time to fully and properly consider issues raised on a motion for summary judgment. The deadlines established in the Court's scheduling order insure achievement of these purposes. The judges try to resolve summary judgment motions in advance of pretrial hearings.* Neither moving the summary judgment deadline to the cutoff of discovery nor cutting off discovery at the earlier summary judgment deadline would be appropriate. *Any attorney viewing a case as one appropriate for summary judgment should schedule discovery to allow the deadline to be met.* Setting the dispositive motion deadline prior to the end of

> discovery also recognizes the realities of litigation. Often factual issues which should be developed for trial are not necessary for resolution of summary judgment issues. If summary judgment is denied, a discovery cut-off after the time for filing dispositive motions allows discovery to proceed without the necessity of a motion to reopen discovery. The court encourages lawyers to conduct discovery in a manner consistent with "just, speedy and inexpensive" procedures. See Federal Rules of Civil Procedure, Rule1.

(emphasis supplied).

The parties submit that the extension they request will not "disturb any of the other deadlines in this case." Such a bold statement is obviously made without any consideration of the Court's need for time to consider the merits of any summary judgment submissions. Perhaps the parties do not realize that this Court has a very full docket and indeed this case is set in a trial term with fifteen other civil cases. Most, if not all of those cases, will have dispositive motions submitted on the same date. If this Court were to dispense extensions of time, particularly of the length suggested, it would be unable to address the dispositive motions before trial, let alone before the pretrial.

By their motion, the parties have offered nothing from which this Court can discern that their request is anything more than a request for this Court to inconvenience itself for no better reason than that the parties have failed to properly prepare this case in a timely fashion. As this is a problem of the parties' own creation, the Court suggests that they devise a solution to it that does not involve shifting the burden created by their delay to the Court. Accordingly, the Joint Motion to Modify Scheduling Order (Doc.# 14) is DENIED.

DONE this 9th day of May, 2008.

      /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE