IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LASHUNDRA JACKSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **CASE NO. 2:07-cv-645-MEF** |
| STATE OF ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, JOE MCINNES, *etc.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

SUPPLEMENTAL EVIDENTIARY MATERIALS IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

Defendants State of Alabama Department of Transportation (hereinafter "ALDOT") and Joe McInnes submit the following supplemental evidentiary materials in support of their Motion for Summary Judgment (Doc. No. 18), heretofore filed in this matter.

On May 30, 2008, Defendants filed their Motion for Summary Judgment (Doc. No. 16), Memorandum Brief in Support (Doc. No. 17), and Evidentiary Materials in Support (Doc. No. 18.) Included in said evidentiary materials were several affidavits of ALDOT Ninth Division employees. Some of those affidavits referenced documents as attachments to the affidavits. However, those attachments were inadvertently omitted from the affidavits filed.

Attached hereto are copies of the affidavits filed on May 30, 2008, that referenced attachments, with their respective attachments included. Only those affidavits affected are refiled herewith:

Affidavit of Vincent E. Calametti;

Affidavit of Joseph Fresolone;

Affidavit of Ronnie Poiroux;

Affidavit of Samuel J. "Jay" Palmer;

Affidavit of Jeanette Brown;

RESPECTFULLY SUBMITTED
TROY KING
ATTORNEY GENERAL

s/ Andrew W. Redd
Jim R. Ippolito, Jr. (IPP001)
Assistant Attorney General
Chief Counsel

Andrew W. Redd (RED001)
Jason A. Trippe (TRI012)
Assistant Attorneys General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359
redda@dot.state.al.us
trippej@dot.state.al.us

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LASHUNDRA JACKSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | CASE NO. 2:07-cv-645-MEF |
| STATE OF ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, JOE MCINNES, *etc.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on **June 4, 2008**, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECT system, which will send notification to the following:

Mr. Kell A. Simon, Esq.
Ross Melton, P.C.
1104 San Antonio Street
Austin, Texas 78701
ATTORNEY FOR PLAINTIFF


s/ Andrew W. Redd
Andrew W. Redd (RED001)
Assistant Attorney General
Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)
redda@dot.state.al.us

3

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LASHUNDRA JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:07-cv-645-MEF |
| STATE OF ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, JOE MCINNES, *etc.*, | ) |
| Defendants. | ) |
| | ) |

STATE OF ALABAMA  )
                  )
COUNTY OF MOBILE  )

### AFFIDAVIT

Before me, the undersigned Notary Public, personally appeared **Vincent E. Calametti**, who is known to me and who, being first duly sworn by me, deposes and states as follows:

"My name is Vincent E. Calametti. I am a resident of Mobile County, Alabama, am over the age of 19 years, and am competent to testify as to the matters contained in this affidavit.

"I am employed by the Alabama Department of Transportation's Ninth Division in Mobile, Alabama, as the Division Engineer. During Ms. Jackson's employment, I was the Construction Engineer for the Ninth Division. I held that position for fifteen years. Ms. Jackson was an EA I employed by ALDOT's Ninth Division from July 2006 until March 2007. I was in Ms. Jackson's supervisory chain of during her employment. Prior to beginning actual work, Ms. Jackson was informed that her employment consisted of outside work.

"The first incident with Ms. Jackson was when I received notice that Ms. Jackson was working on a project by herself. This incident was on August 31, 2006. (See also, Memorandum to file dated August 31, 2006, attached hereto.) I was made aware by some people

in my office that Ms. Jackson was having some problems at the work site. I contacted Samuel Palmer and Austin Harville about these issues. Mr. Harville informed me that he had directed Floyd Hansworth to assist Ms. Jackson. I then went to the job site, and Ms. Jackson voiced her concerns to me. Ms. Jackson informed me that the felt overwhelmed when she was the only inspector at the spreader. I asked her if she was happy with the changes made with current assignments. Ms. Jackson indicated that she was. (See also, Memorandum to file dated August 31, 2006, attached hereto.) It appeared that her issues had been resolved by the time I got there. At that time, I advised Ms. Jackson of the chain of command for any questions or concerns that she might have.

"I told Ms. Jackson I had been advised she was concerned because she had not been sent to any training classes. I told Ms. Jackson that, during her probation, she needed to concentrate on passing the basic math and algebra classes and on-the-job training. (See also, Memorandum to file dated August 31, 2006, attached hereto.) I asked Ms. Jackson if she any more questions and she said 'No.' It is not uncommon for employees in the EA position to work by themselves at a particular spot within a work project. Construction projects can cover long stretches of roadway, and ALDOT employees are spread along the project. Most training for new EA hires is on-the-job training with specific courses being taken as they become available. New EA hires are required to pass a basic math and Algebra course during probation. Ms. Jackson failed her basic math course. I was unaware of any complaints made by Ms. Jackson about Brett Paulk or Jay Palmer to EAP Jeremy Taylor until speaking with my attorneys about this case. I did receive a doctor's note from Ms. Jackson restricting her to office duty. Shortly thereafter, I approved her moving to an inside office position.

"It is common to extend an employee's probation if the employee has not met all of the requirements to achieve permanent status. When I received the recommendation from Jay Palmer to terminate Ms. Jackson's employment, I reviewed the information provided by Mr. Palmer, including Ms. Jackson's personnel file. I was aware of Ms. Jackson's probationary status and the incidents that had occurred during that time. I made the determination that, based on the events during probation, the Department should terminate Ms. Jackson's employment."

Vincent E. Calametti

SWORN TO AND SUBSCRIBED before me on this 27th day of May, 2008.

Notary Public, State at Large
My Commission Expires: 12/7/10

3



**ALABAMA
DEPARTMENT OF TRANSPORTATION**

NINTH DIVISION
**OFFICE OF DIVISION ENGINEER**
1701 I-65 WEST SERVICE ROAD N
**MOBILE, ALABAMA 36618-1109**
TELEPHONE: (251) 470-8200
FAX (251) 473-3624

BOB RILEY
GOVERNOR

| Transportation Office Manager | | | |
|---|---|---|---|
| Section          JOE MINOUT | | Action | File |
| Accounting TRANSPORTATION DIRECTOR | | | |
| Personnel | | | |
| Personnel File | | | X |
| Training | | | |
| Route | | | |
| Action Requested: | | | |

## <u>MEMORANDUM</u>

DATE:     August 31, 2006

TO:      **File**

FROM:

Vincent E. Calametti, P.E.
Division Construction Engineer

RE:      **Ms. LaShundra Jackson**

I was advised of a phone call received this morning at the Division office from
Ms. Jackson, she said she was not able to handle all of the assignments she was given
on Project ACGBSTPNU-4920 (200).

It is my standard procedure to call the District Engineer and Project Engineer to discuss
the employees concern before I talk to the employee.

I called Mr. S. Jay Palmer and Mr. Austin Harville about Ms. Jackson' concerns.
Mr. Harville said Ms. Jackson had discussed these issues with him this morning.
Mr. Harville directed Ms. Jackson to have Mr. Floyd Hansworth to assist her in
inspecting the spreader operations.

When I arrived at the site I informed Ms. Jackson I was aware of her concerns.
Ms. Jackson told me she felt she was overwhelmed when she was the only inspector at
the spreader.  I asked her if she felt better after Mr. Harville made the changes this
morning and she replied she was happy with the current assignments.

I advised Ms. Jackson the chain of command for any questions or concerns she had
should be her immediate Supervisor/Project Engineer, next the District Engineer/ Mr.
Palmer and then myself.  It was not anyone else in the Division office responsibility to
handle issues involving project administration.

I told Ms. Jackson I had been advised she was concerned because she had not been sent to any training classes. I told Ms. Jackson that the first six-months concentrated on passing the Basic Math, Algebra and On-the-Job training. The Department has 1 ½ years to complete the first module of her EDP training. I asked Ms. Jackson if she had anymore questions or concerns and she said no.

VEC/

c: Mrs. Jeannette Brown
   Ms. LaShundra Jackson
   Mr. Jay Palmer
   Mr. Austin Harville

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LASHUNDRA JACKSON, | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **CASE NO. 2:07-cv-645-MEF** |
| | ) |
| STATE OF ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, JOE MCINNES, *etc.*, | ) |
| Defendants. | ) |

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF MOBILE** | ) |

## AFFIDAVIT

Before me, the undersigned Notary Public, personally appeared **Joseph Fresolone**, who is known to me and who being first duly sworn by me, deposes and states as follows:

"My name is Joseph 'Joey' Fresolone. I am a resident of Mobile County, Alabama, am over the age of 19 years, and am competent to testify as to the matters contained in this affidavit.

"I am employed by the Alabama Department of Transportation's Ninth Division in Mobile, Alabama, as the Assistant Construction Engineer. I have held this position for five years. During the course of my work, I was in the supervisory chain of LaShundra Jackson. I interviewed Ms. Jackson and recommended her for employment. Ms. Jackson was an EA I employed by ALDOT's Ninth Division from July 2006 until March 2007.

"I have no knowledge of anyone not wanting to work with Ms. Jackson because of her race. Prior to January 5, 2007, I was unaware of any complaints by Ms. Jackson of any discrimination based on race, gender, or retaliation for her mother-in-law, Bertha Alexander. The first time Ms. Jackson informed me of any type of discrimination was on January 5, 2007.

"On January 5, 2007, Ms. Jackson came to my office visibly upset complaining of her stomach hurting from job stresses. (See also, Memorandum to file dated January 9, 2007, attached hereto.) Ms. Jackson, along with Charley Jones, was in my office from approximately 7:30 a.m. until 8:00 a.m. Ms. Jackson complained that 'it was something every day' and that 'they are just trying to make [her] quit.'

"Ms. Jackson told me that she thought the stressful work environment was created because of dislike of her mother-in-law. Ms. Jackson told me that she came into my office because of a tape recording policy she was asked to sign. She told me that she received a verbal warning from Brett Paulk when she refused to sign the policy. Ms. Jackson also complained about someone scratching her car but provided no specifics as to who had scratched it. At that time, Ms. Jackson complained of discrimination but informed me that it was not based on race or gender. Ms. Jackson told me she knew she was being discriminated against. However, she did not know what type of discrimination. Ms. Jackson did not complain to me about any inequities in wages. She also complained about an extension of her probation, claiming that another employee, Mr. Majercik, had not had his probation extended even though he had not completed the required math courses. Ms. Jackson complained of lack of training and being left on projects without assistance. (See also, Memorandum to file dated January 9, 2007, attached hereto.) Ms. Jackson also complained about some letters that were attached to her performance appraisal.

"During the afternoon of January 5, 2007, I met with Ms. Jackson on two more occasions. At approximately 3:00 p.m., I met with Ms. Jackson in Leon Malone's office. Ms. Jackson complained about the Department's tape recording policy, calling it illegal. Mr. Malone and I explained that signing the letter did not mean that she agreed with it. This made Ms. Jackson argumentative and uncooperative. Ms. Jackson again complained of unfair

treatment. (See also, Memorandum to file dated January 9, 2007, attached hereto.) Later that day, at Brett Paulk's request, I met with Ms. Jackson, Leon Malone, Gwenda Hunter, and Brett Paulk. Ms. Jackson brought Ms. Hunter in as a witness.

"Ms. Jackson's primary complaint was a tape-recording policy she was asked to sign by her supervisor. Ms. Jackson provided multiple excuses for not signing the policy. Those excuses included: she did not understand the policy; the policy was illegal; she wanted to show it to an attorney; and, she felt she had until January 16, 2007, to sign the document. Ms. Jackson's employment status was never threatened for not signing the document. I asked her to sign the memo and reiterated that, by signing the memo, she was not agreeing to its contents. Ms. Jackson eventually signed the tape recording policy.

"On January 22, 2007, I was asked to be a witness in a meeting between Bret Paulk and Ms. Jackson. The purpose of this meeting was to give Ms. Jackson a letter of reprimand for her actions on January 5, 2007. (See also, Memorandum to file, dated January 22, 2007, attached hereto.) Brett Paulk read Ms. Jackson her letter of reprimand. Ms. Jackson asked why she was being reprimanded. I explained to her that she had initially refused to sign the tape recording policy and her excuses for not signing the policy changed throughout the day. (See also, Memorandum to file dated January 22, 2007, attached hereto.)"

_____
Joseph Fresolone

SWORN TO AND SUBSCRIBED before me on this 28th day of May, 2008.

_____
Notary Public, State at Large

My Commission Expires: 12/7/10

3




# ALABAMA
# DEPARTMENT OF TRANSPORTATION

NINTH DIVISION
**OFFICE OF DIVISION ENGINEER**
1701 I-65 WEST SERVICE ROAD N
**MOBILE, ALABAMA 36618-1109**
TELEPHONE: (251) 470-8200
FAX: (251) 473-3624

BOB RILEY
GOVERNOR

JOE MCINNES
TRANSPORTATION DIRECTOR

# MEMORANDUM

**DATE:**   January 9, 2007

**TO:**   File

**FROM:**

Joe Fresolone
Assistant Division Construction Engineer

This memo is to document the events that took place in my office throughout the day on January 5, 2007, concerning Ms Lashundra Jackson. At approximately 7:30 AM Ms. Jackson entered my office and was visibly very upset. Mr. Charly Jones entered immediately after her. We asked Ms. Jackson what was wrong and she began talking about how her work environment was very stressful and it was beginning to make her sick (stomach aches). Due to Ms. Jackson being upset, her line of communication was not easy to follow and jumped from one issue to another.

We again asked what led to today's incident and she responded she had been asked to sign a policy allowing her to be taped without her consent. She said that she requested to wait until the end of the day to sign the policy and her request was refused. When she refused to sign the policy, Brett Paulk had given her a verbal warning. I advised Ms. Jackson I had not seen the policy but knew one was being circulated and was being signed by all employees.

During our conversation, Ms. Jackson stated that "it was something everyday" and "they are just trying to make her quit". She also said Brett had said if she didn't sign the policy they would go see Jay Palmer. She stated "she would not see Jay or Vince because they were liars". She said something about letters being attached to her performance appraisal. I tried to explain to Ms. Jackson that when events in the past occur similar to this one, as a supervisor, we have to document the event and when emotions are involved the conversation jumps from one subject to the next and parts of the conversation are hard to recall from all parties involved.

MEMORANDUM
Page 2
January 9, 2007

Over a thirty minute period, Ms. Jackson spoke of several incidents where she felt she was being treated unfairly. They are as follows:

Scratches on her car – The state was responsible for paying for.
Extension of her probation.
Lack of training.
Being left on the project without assistance.

I told Ms. Jackson when Leon Malone arrives at work we would speak to him about these issues along with signing the tape recording policy. Ms. Jackson advised she would be in concrete class the rest of the day and would come up when the class was done.

Immediately, after Ms Jackson left, I called Brett and told him to come to my office. Within a few minutes Brett and Josh arrived. Charly Jones and I asked Brett to explain the events this A.M. with Ms Jackson. He advised she stated she was not going to sign it because it was illegal. We asked if he had given her a verbal warning. He stated he had not, but told her if she didn't sign the policy by the end of the day there would be a verbal warning given.

At approximately 3:00 PM, Ms Jackson entered my office and said her class was done. We went to Mr. Malone's office. Ms. Jackson again stated that the policy was illegal. Mr. Malone read the cover letter to Ms. Jackson and explained to her by signing the policy doesn't mean she agreed to it but only that she had received it and understood it. When Ms. Jackson read the cover letter she stated that she had until the 16th as indicated in the letter. I explained to Ms. Jackson the date indicated in the cover letter was for the supervisors to compile all their employee's signatures and if each supervisor wanted to place a tighter time they had authority. Ms. Jackson replied "Oh really". I told Ms. Jackson today was a rain day and if Brett wanted the policy signed today while most of his inspectors were in the office, that was a reasonable request and within his authority.

When Mr. Malone tried to explain by signing the memo, she didn't acknowledge she was in agreement with the policy but only that she had received it and understood it, she became argumentative and uncooperative.

During this meeting, Ms. Jackson again stated that she was treated unfairly by extending her probation and that another employee (John Majerick) had been taken off probation and had not passed all of the required classes. I told Ms. Jackson I would look into the situation and if an employee had been taken off probation without passing the required classes someone had made a mistake. I also said her information may be incorrect and I had seen a memo showing him passing both "basic math and algebra".

MEMORANDUM
Page 3
January 9, 2007

Ms. Jackson left and no progress had been made on her signing the memo.

Within 10 minutes of Ms. Jackson leaving Mr. Malone's office, Brett called and asked if him and Ms. Jackson could come up and talk. When they arrived, Ms. Jackson asked if she could have a witness to our meeting and I advised her she could. Within 5 minutes, Ms. Gwenda Hunter from Materials and Tests came in along with Mr. Malone.

Ms. Jackson started by saying she didn't think the policy was legal and wanted her attorney to review it. I told Ms. Jackson she had that right but again her signing the memo did not mean she was in agreement only that she had seen it and understood it. She asked "what if I don't understand it". At that time, I read and explained the policy to her. I then told Ms. Jackson that Brett had earlier asked her to sign the memo and now I'm asking her to sign it. She then started talking about being demanded to sign the memo and being yelled at by Brett.

When Mr. Malone tried to explain the memo to her, she became confrontational and began arguing with him. She told Mr. Malone she had filed a complaint about being left on the project without assistance and he didn't follow up on. He told her he did come out to the project and speak to her. After a few minutes, I had to interrupt them and asked if we could focus on the memo.

Ms. Hunter then asked if she and Ms. Jackson could speak privately for a few minutes. I, Mr. Malone and Brett left the office and when we returned Ms Jackson said she would sign the memo but wanted me to tell Brett he couldn't yell at her. I told Brett he couldn't yell at any employee. I then told Ms. Jackson I didn't understand why it took all the people in this office to get her to sign the memo. I then gave her the memo and she signed it.



# ALABAMA
# DEPARTMENT OF TRANSPORTATION

NINTH DIVISION
**OFFICE OF DIVISION ENGINEER**
1701 I-65 WEST SERVICE ROAD N
**MOBILE, ALABAMA 36618-1109**
Telephone: (251) 470-8200
Fax: (251) 473-3624



BOB RILEY
GOVERNOR

JOE MCINNES
TRANSPORTATION DIRECTOR

## M E M O R A N D U M

| Transportation Office Manager | | | |
|---|---|---|---|
| Section | Info | Action | File |
| Accounting | | | |
| Personnel | | | |
| Personnel File | | | ✓ |
| Training | | | |
| Route | | | |
| Action Requested: | | | |

**DATE:**     January 22, 2007

**TO:**     File

**FROM:**

Joe Fresolone
Assistant Division Construction Engineer

This memo is to document the meeting held in my office on January 19, 2007. I was asked to be witness, in this meeting to give Ms. Lashundra Jackson a letter of reprimand for her actions that occurred on January 5, 2007, concerning the signing of the Ninth Division policy on tape recording conversations and meetings.

Brett Paulk and Ms. Jackson came to my office at approximately 9:30 am. I explained to Ms. Jackson all memos concerning the events on January 5th had been reviewed and it was determined her actions were found to be unacceptable. Mr. Paulk then read her the letter of reprimand.

Ms. Jackson asked "why she was being reprimanded when she signed the policy". I explained to Ms. Jackson there are over 400 employees that signed the policy and we did not encounter this amount of trouble out of any of the others.

Ms. Jackson also asked "how could she be reprimanded when she didn't understand it and the deadline to sign it wasn't until the following week". I explained to Ms Jackson her reason for not signing the policy changed throughout the day. The reasons ranged from it was illegal, the deadline was the next week, she may not understand it, wanting her lawyer to look at it, and Brett's demeanor.

Ms. Jackson stated she had been advised she did not have to talk to us. She also asked "who wrote the letter?' and stated "I can only imagine".

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LASHUNDRA JACKSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **CASE NO. 2:07-cv-645-MEF** |
| STATE OF ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, JOE MCINNES, etc., | ) |
| | ) |
|     Defendant. | ) |

STATE OF ALABAMA  )
                )
COUNTY OF MOBILE  )

## AFFIDAVIT

Before me, the undersigned Notary Public, personally appeared **Ronnie Poiroux**, who is known to me, and who being first duly sworn by me, deposes and states as follows:

"My name is Ronnie Poiroux. I am a resident of Mobile County, Alabama, am over the age of 19 years, and am competent to testify as to the matters contained in this affidavit.

"I was employed by the Alabama Department of Transportation's Ninth Division in Mobile, Alabama, as the Division Engineer during Ms. Jackson's employment. Ms. Jackson was an EA I employed by ALDOT's Ninth Division from July 2006 until March 2007. I was in Ms. Jackson's supervisory chain of during her employment.

"I received a memorandum from Ms. Jackson dated January 2, 2007, in which she expressed her desire to file a complaint. Ms. Jackson also notified me that she disagreed with her probationary performance appraisal score and the Department's decision to extend her probation. She also alleged that her previous supervisor was not consulted on her appraisal. Ms. Jackson alleged that she was being punished as a result of a complaint filed on October 16,

2006, and that her starting salary was lower than another employee's. I informed Ms. Jackson of the Department's policy of filing a formal complaint and that neither I nor her supervisors were aware of any formal complaints she had filed. I also informed Ms. Jackson that her probationary performance score included input from all supervisors and that her job performance warranted the score. (See also, letter to LaShundra Jackson from Ronnie Poiroux dated January 22, 2007, attached hereto.)

"I also reminded Ms. Jackson that she had refused to take the required algebra test. Further, I mentioned that she had accepted the salary offered to her and that the salary was in accordance with the Rules of the State Personnel Board. (See also, letter to LaShundra Jackson from Ronnie Poiroux dated January 22, 2007, attached hereto.)

"On February 23, 2007, I requested the termination of Ms. Jackson's employment based on violations of employee work rules, disruptive behavior, threatening language, and insubordinate behavior. (See also, letter to Ron Green from Ronnie Poiroux dated February 23, 2007, attached hereto.) In particular, I recommended the termination of her employment based on incidents on October 4 though 6, 2006, November 2, 2006, and January 5, 2007. Prior to requesting the termination of Ms. Jackson's employment, I reviewed the information provided to me by her supervisors. I also reviewed her personnel file. I was aware of the incidents that led to the termination of Ms. Jackson's employment and used those as a basis for requesting her termination."

_____
Ronnie Poiroux

SWORN TO AND SUBSCRIBED before me on this 27th day of May, 2008.

_____
Notary Public, State at Large
My Commission Expires: 12/7/10

2



## ALABAMA
## DEPARTMENT OF TRANSPORTATION

NINTH DIVISION
OFFICE OF DIVISION ENGINEER
1701 I-65 WEST SERVICE ROAD N
MOBILE, ALABAMA 36618-1108
Telephone: (251) 470-8200
Fax: (251) 473-3624

2007 FEB 28  P 1: 57

BOB RILEY
GOVERNOR

JOE MCINNES
TRANSPORTATION DIRECTOR

February 23, 2007

Mr. Ron Green
Personnel Director
Personnel & Compliance Bureau
Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36130

Dear Mr. Green:

RE:    Termination Request
       LaShundra Jackson – Engineering Assistant
       Ninth Division

I am requesting termination of Ms. Jackson based on Ms. Jackson's violation of employee work rules, disruptive behavior, threatening language and insubordination. Ms. Jackson is currently on an extended three-month probation period..

Since Ms. Jackson's initial Employee Performance Probationary report, she has received a written reprimand, January 18, 2007, for insubordination for refusal to complete an acknowledgement of receipt of "Policy regarding Recording Devices." Prior to the January 18th incident, Ms. Jackson was counseled on October 6, 2006, regarding her disruptive behavior and threatening comments. She was again counseled during a mid-appraisal, November 2, 2006, regarding her work habits. Ms. Jackson has continued with inappropriate behavior during her extended probationary period. (See attached documentation.)

Attached is a completed final Employee Performance Probationary report completed for mid-point appraisal during the extension. (It has been completed by the District Engineer after consulting all of Ms. Jackson's supervisors and file.) After deduction of the disciplinary score, Ms. Jackson's final score is 9.7.

We have attached a Form 11 to reflect termination with no effective date shown.

If additional information is required, please advise.

Sincerely,

R. F. Polroux, P. E.
Division Engineer

RFP/JB
Attachments (Supporting Documentation)

c:    Mrs. Jeannette Brown
      Personnel File
      Legal Bureau



DEFENDANT'S
EXHIBIT
20



# ALABAMA
# DEPARTMENT OF TRANSPORTATION

NINTH DIVISION
**OFFICE OF DIVISION ENGINEER**
1701 I-65 WEST SERVICE ROAD N
**MOBILE, ALABAMA 36618-1109**
Telephone: (251) 470-8200
Fax: (251) 473-3624



BOB RILEY
GOVERNOR

January 22, 2007

JOE MCINNES
TRANSPORTATION DIRECTOR

Ms. LaShundra Jackson
Engineering Assistant I
Alabama Department of Transportation
1701 I-65 West Service Road N
Mobile, Alabama 36618

Dear Ms. Jackson:

RE:    Response to Your Memo of January 2, 2007

Your memo appears to concern the following issues:

1.    You wish to file a complaint.
2.    You disagree with your probationary performance appraisal score and our decision to extend your probation.
3.    Your previous supervisor was not consulted about your work performance.
4.    You feel you are being punished as a result of a complaint filed October 16, 2006.
5.    Your starting salary was lower than another employee's.

The following are my responses to those issues:

1.    If you wish to file a formal complaint, you will need to do so according to the policies and procedures you recently received, rather than in a memo to me.

2 & 3.    Your overall probationary performance score was based on the observations of <u>all</u> your supervisors, not solely those of Mr. Paulk. Based on your job performance, we were not, and are not confident that you can perform all your job responsibilities assigned to you as indicated on your Form 40.

You failed to pass the initial placement tests in basic math, algebra, and geometry. Since then, you have passed basic math, but declined to attend the algebra class you were previously scheduled to take. The class we previously anticipated would be scheduled in January 2007 has not yet been scheduled. However, we have requested that it be scheduled as soon as possible.

Page 2
LaShundra Jackson
January 22, 2006

4.  Neither I nor any of your supervisors are aware of any formal complaint you may, or may not, have filed on October 16th.

5.  You accepted the starting salary that was offered to you, prior to your employment with ALDOT. The salary offer was made according to the Rules of the State Personnel Board, and was not improper.


If you need additional information, please contact me.

Sincerely,

R. F. Poiroux, P.E.
Division Engineer

RFP/JB
c:      File
        Personnel

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LASHUNDRA JACKSON,                )
                                  )
                                  )
        Plaintiff,                )
                                  )
v.                                )    CASE NO. 2:07-cv-645-MEF
                                  )
STATE OF ALABAMA DEPARTMENT       )
OF TRANSPORTATION, JOE MCINNES,   )
etc.,                             )
        Defendants.               )

STATE OF ALABAMA   )
                   )
COUNTY OF MOBILE   )

## AFFIDAVIT

Before me, the undersigned Notary Public, personally appeared **Samuel J. Palmer**, Jr. who is known to me, and who being first duly sworn by me, deposes and states as follows:

"My name is Samuel J. Palmer, Jr. I am a resident of Mobile County, Alabama, am over the age of 19 years, and am competent to testify as to the matters contained in this affidavit.

"I am employed by the Alabama Department of Transportation's Ninth Division, District One, in Mobile, Alabama, as the District Engineer. I have held this position for six years. Ms. Jackson was an EA I employed by ALDOT's Ninth Division from July 2006 until March 2007. I was in Ms. Jackson's supervisory chain of during her employment. Prior to beginning actual work, Ms. Jackson was informed that her employment would consist of outside work.

"The first incident with Ms. Jackson was when I became aware that Ms. Jackson had complained about having to work on a project by herself. It is not uncommon for employees in a position such as Ms. Jackson's to be on a work site by themselves at a particular spot. Construction projects sometimes cover long stretches of roadway, and employees are spread

along the project. Most training for new EA hires is considered on-the-job training as courses become available.

"On October 4, 2006, Ms. Jackson came to my office to complain about someone scratching her vehicle. See also, Memorandum to file dated October 6, 2006 attached hereto. I asked Ms. Jackson if she knew who scratched her car. Ms. Jackson was not certain who damaged her vehicle. I asked to see the scratches on the car and Ms. Jackson showed me. The "scratches" Ms. Jackson showed me appeared to be from normal use. I offered to allow her to park her car near my office in the front where it would be better monitored. On October 5, 2006, Brett Paulk advised me that Ms. Jackson had become very angry in the office during a discussion with Josh McElhenney about her car. I asked Mr. Paulk to have her meet with me again. Ms. Jackson had become very disruptive. On the morning of October 6, 2006, I met with Ms. Jackson about her car. I asked her if she was content with parking her vehicle up front and she said 'yes.' I then asked her about her disruptive conduct in the project office the day before. Ms. Jackson told me she had been upset about her car and that she wanted McElhenney to tell his people not to touch her car if they did not want to get hurt. I told her such comments were inappropriate and reminded her of ALDOT's workplace violence policy and that any such actions could be grounds for dismissal. Ms. Jackson told me that she understood.

"On December 20, 2006, Brett Paulk informed me that Ms. Jackson had refused to sign her appraisal until she met with me. I agreed to meet with Ms. Jackson to address her concerns. Ms. Jackson told me that she thought it was not fair that her probation was extended. She told me that Brett Paulk was not qualified to make that decision. Brett and I informed Ms. Jackson that Brett had previously consulted with Austin Harville about her progress and performance. Vince Calametti immediately arrived, and Ms. Jackson finally signed her evaluation. We

2

explained to her that signing the evaluation did not indicate agreement with it. Rather, it simply meant that she had received it.

"I have no knowledge of anyone not wanting to work with Ms. Jackson because of her race. I am only aware of two other pregnant females, Shannon Lee and Mary Weaver, employed by ALDOT's Ninth Division. However, it is my recollection that Ms. Lee and Ms. Weaver were already working an inside position when they became pregnant. I am unaware of any request for accommodation because of Ms. Jackson's pregnancy. I was not aware of any complaints made by Ms. Jackson about me to the EAP coordinator, Jeremy Taylor."

"On February 22, 2007, I recommended the termination of Ms. Jackson's employment based on violations of employee work rules, disruptive behavior, threatening language, and insubordinate behavior during her probationary period. (See also, letter to Vince Calametti from Samuel J. Palmer dated February 22, 2007, attached hereto.) In particular, I recommended the termination of her employment based on incidents on October 4 though 6, 2006, December 20, 2006, and January 5, 2007."

Samuel J. Palmer

SWORN TO AND SUBSCRIBED before me on this 27th day of May, 2008.

Notary Public, State at Large

My Commission Expires: 12/7/10

3



# ALABAMA
# DEPARTMENT OF TRANSPORTATION

NINTH DIVISION — DISTRICT ONE
OFFICE OF DISTRICT ENGINEER
1701 I-65 WEST SERVICE ROAD N
MOBILE, ALABAMA 36618-1109
Telephone: (251) 470-8209
Fax: (251) 479-9773



BOB RILEY
GOVERNOR

JOE McINNES
TRANSPORTATION DIRECTOR

February 22, 2007

Mr. Vince Calametti
Division Construction Engineer — Ninth Division
1701 N. Beltline Hwy.
Mobile, Alabama 36618

Dear. Mr. Calametti:

RE: Lashundra Jackson — Engineering Assistant I

This office recommends Ms. Jackson be terminated for violations of employee work rules, disruptive behavior, threatening language and insubordinate demeanor.

- On October 6, 2006, Ms. Jackson was counseled on her disruptive behavior and threatening comments while working on the job which is in violation of employee work rule 670-X-19.01(1)(g), disruptive conduct, and employee work rule 670-X-19.01(2)(e), use of abusive or threatening language
- On November 2, 2006, Ms. Jackson was advised of conducting herself in a professional manner during her mid-appraisal review.
- On January 18, 2007, Ms. Jackson was giving a written reprimand for her disruptive behavior and insubordinate demeanor on January 5, 2007. These incidents are in violation of employee work rule 670-X-19.01(1)(g), disruptive conduct, and employee work rule 670-X-19.01(2)(b), insubordination. (See Attached)

Ms. Jackson has received disciplinary notices and has demonstrated unacceptable conduct and a continued inappropriate behavior during her probationary period. This behavior has a negative impact on the functioning of the department and has warranted said recommendation.

If you have any questions or need additional information, please advise.

Sincerely,

Samuel J. Palmer Jr.
District Engineer

Attachments

SJP/jp
C: Ms Jeannette Brown
    File

*Recommend approved*
*VEC*

DEFENDANT'S
EXHIBIT
19

IN THE UNITED STATES DISTRICT COURT FOR THE
«Litigation Federal District: Uppercase» DISTRICT OF ALABAMA
«Litigation Division: Uppercase» DIVISION

| | |
|---|---|
| LASHUNDRA JACKSON, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  **CASE NO. 2:07-cv-645-MEF** |
| STATE OF ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, JOE MCINNES, *etc.*, | ) |
| | ) |
|   Defendant. | ) |

STATE OF ALABAMA )
         )
COUNTY OF MOBILE )

## AFFIDAVIT

Before me, the undersigned Notary Public, personally appeared **Jeannette Brown**, who is known to me and who, being first duly sworn by me, deposes and states as follows:

"My name is Jeannette Brown. I am a resident of Mobile County, Alabama, am over the age of 19 years, and am competent to testify as to the matters contained in this affidavit.

"I am employed by the Alabama Department of Transportation's Ninth Division in Mobile, Alabama, as Transportation Office Manager and as such am familiar with the personnel files of the employees who have and are presently working for this Division.

"Ms. LaShundra Yates, now Jackson, began work in this Division as an Engineering Assistant I ('EA') probationary employee on July 3, 2006, at a starting salary of $765.80 biweekly. Upon beginning work, Ms. Jackson was required to take a math placement which tested both basic math skills and algebra. Probationary EAs are required to take and pass both the basic math and algebra tests during their initial six months' probationary period. Ms. Jackson did not initially pass either the basic math or the algebra test and was required to

take and pass both during her initial probationary period. Ms. Jackson passed the basic math test and was scheduled to take the algebra course/test in October 2006. Ms. Jackson declined to take the algebra course/test, citing a conflict with medical appointments. Consequently, at the end of her initial probationary period, she had not completed and passed the algebra course and test. Her probation was therefore extended an additional three month in order for her to complete the algebra course/test. (See attached math placement documents.)

"John Majercik (WM) was hired by ALDOT as an EA I and began work on the same date as Ms. Jackson. Mr. Majercik was required to take the same math and algebra placement tests as was Ms. Jackson. Mr. Majercik passed the basic math but did not pass the algebra portion of the testing. He was scheduled to take the algebra course and test and passed the algebra portion in November 2006. At the end of his initial six-month probationary period, Mr. Majercik had taken and completed both the basic math and algebra courses and was given permanent status. (See attached math placement documents.)

"Trenton Lowery (WM), a person identified by Ms. Jackson as having been hired as an EA at a higher wage than she, began employment with ALDOT in March 2006 at a starting salary of $882.90 biweekly, which is higher that the starting salary of Ms. Jackson. This increased starting salary was requested by then-Division Engineer Ronnie Poiroux because of Mr. Lowery's prior experience in the construction field performing inspection work of subcontractors using various tools and due to his prior educational courses. (See attached letter from Poiroux dated March 2, 2006, and Lowery's job application.)

"Ms. Jackson's prior work experience did not include any construction-type work. Her prior work experience was primarily retail sales work, and her prior education training was in paramedical services. (See Ms. Jackson's attached job application.)

2

"Shannon Lee was hired by ALDOT as an EA I on May 31, 2005, and is presently an ALDOT employee. Ms. Lee became pregnant during her employment with ALDOT, but at the time of her pregnancy, Ms. Lee was already working an inside job.

"Mary Weaver was hired by ALDOT as an EA I in August 2002. During the course of her employment with ALDOT, Ms. Weaver became pregnant. During the time of her pregnancy, Ms. Weaver was performing outside work and continued to perform this work up to the time she took pregnancy leave."

_Jeannette Brown_
Jeannette Brown

SWORN TO AND SUBSCRIBED before me on this 27th day of May, 2008.

_Betty A. Dean_
Notary Public, State at Large

My Commission Expires: 03/21/09

3

## ALDOT Ninth Division
### Basic Math and Algebra Class Results
#### January 2002 - February 27, 2008

| ID | Name | Course | Title | Start Date | Grade |
|---|---|---|---|---|---|
| 000997 | Hunter,Gwenda K | 000168 | Basic Mathematics | 2002-12-02 | P |
| 000997 | Hunter,Gwenda K | 000104 | Algebra | 2003-07-14 | FL |
| 033631 | Isaac,George C | 000168 | Basic Mathematics | 2007-07-09 | P |
| 033631 | Isaac,George C | 000104 | Algebra | 2007-08-20 | FL |
| 033631 | Isaac,George C | 000104 | Algebra | 2007-10-22 | P |
| 084812 | Jackson,Lashundra M | 000168 | Basic Mathematics | 2006-10-10 | P |
| 001479 | Jackson,Melvin | 000104 | Algebra | 2003-02-10 | P |
| 001765 | Johns,Joshua R | 000104 | Algebra | 2003-07-14 | P |
| 084024 | Johnson,Kenneth M | 000168 | Basic Mathematics | 2007-07-09 | P |
| 084024 | Johnson,Kenneth M | 000104 | Algebra | 2007-08-20 | P |
| 000684 | Johnston,Richard A | 000104 | Algebra | 2003-02-10 | P |
| 095006 | Jones,Rafael A | 000168 | Basic Mathematics | 2007-09-24 | P |
| 095006 | Jones,Rafael A | 000104 | Algebra | 2007-10-22 | FL |
| 036458 | Kelley,Gary M | 000104 | Algebra | 2003-02-10 | P |
| 001777 | Landrum,Larry R | 000104 | Algebra | 2003-07-14 | FL |
| 000967 | Lee,Joseph B | 000168 | Basic Mathematics | 2002-12-02 | P |
| 000967 | Lee,Joseph B | 000104 | Algebra | 2003-02-10 | FL |
| 000967 | Lee,Joseph B | 000104 | Algebra | 2003-07-14 | FL |
| 084101 | Lee,Shannon N | 000104 | Algebra | 2006-05-01 | P |
| 084293 | Lopez Jr,Victor Raul | 000168 | Basic Mathematics | 2007-02-26 | P |
| 084293 | Lopez Jr,Victor Raul | 000104 | Algebra | 2007-03-26 | P |
| 084636 | Lowery,Trenton E | 000168 | Basic Mathematics | 2006-08-07 | P |
| 084636 | Lowery,Trenton E | 000104 | Algebra | 2006-08-28 | P |
| 084811 | Majercik,John C | 000104 | Algebra | 2006-08-28 | FL |
| 084811 | Majercik,John C | 000104 | Algebra | 2006-10-30 | P |
| 084458 | Malone,Jason Leebaron | 000168 | Basic Mathematics | 2007-07-09 | P |
| 084458 | Malone,Jason Leebaron | 000104 | Algebra | 2007-08-20 | P |
| 000906 | Manuel,Beatrice C | 000168 | Basic Mathematics | 2002-12-02 | P |
| 000906 | Manuel,Beatrice C | 000104 | Algebra | 2003-02-10 | FL |
| 000906 | Manuel,Beatrice C | 000104 | Algebra | 2003-07-14 | FL |
| 000906 | Manuel,Beatrice C | 000104 | Algebra | 2005-06-07 | P |
| 084268 | McNorton Jr,Samuel Todd | 000168 | Basic Mathematics | 2006-08-07 | P |
| 084268 | McNorton Jr,Samuel Todd | 000104 | Algebra | 2006-08-28 | P |
| 041835 | Mitchell,Edward L | 000104 | Algebra | 2003-02-10 | FL |
| 020647 | Molsbee,Tommie J | 000104 | Algebra | 2003-02-10 | FL |
| 020647 | Molsbee,Tommie J | 000104 | Algebra | 2003-07-14 | FL |
| 020647 | Molsbee,Tommie J | 000104 | Algebra | 2005-06-07 | P |
| 000804 | Nash,Lawrence F | 000168 | Basic Mathematics | 2002-12-02 | P |
| 000804 | Nash,Lawrence F | 000104 | Algebra | 2003-02-10 | P |
| 001644 | O'Rourke,Dianna W | 000104 | Algebra | 2003-02-10 | FL |
| 001644 | O'Rourke,Dianna W | 000104 | Algebra | 2003-07-14 | P |
| 083731 | Pettway,Rickey | 000168 | Basic Mathematics | 2005-05-16 | P |
| 050433 | Poiroux Jr,Joseph A | 000104 | Algebra | 2003-02-10 | P |
| 000999 | Presley,Phillip D | 000168 | Basic Mathematics | 2002-12-02 | P |
| 000999 | Presley,Phillip D | 000104 | Algebra | 2003-02-10 | P |

DEFENDANT'S EXHIBIT 22



# ALABAMA
# DEPARTMENT OF TRANSPORTATION

NINTH DIVISION
OFFICE OF DIVISION ENGINEER
1701 I-65 WEST SERVICE ROAD N
MOBILE, ALABAMA 36618-1109
Telephone: (251) 470-8200
Fax: (251) 473-3624



JOE McINNIS
TRANSPORTATION DIRECTOR

BOB RILEY
GOVERNOR

March 17, 2006

Trenton E Lowery
4850 Wilmer Rd
Mobile, AL 36587

Dear Mr. Lowery:

I am pleased to inform you that upon recommendation of this office and approval by
Mr. D. J. McInnes, Transportation Director, you have been certified for appointment in the
Classification of Engineering Assistant I in the Ninth Division of the Alabama Department of
Transportation effective March 20, 2006. Your salary will be $956.50 semi-monthly. You
should report on Monday, March 20, 2006 at 7:30 a.m. at the above address to the District
Building (D) to complete your new employee paperwork. After the completion of your new
employee paper work you should report to Mr. Victor Hoover and your job assignment will
be given to you at that time.

You will serve in the Engineering Assistant I Classification on a probationary (trial) basis for
a period of six months during which time your work habits and job responsibilities will be
carefully observed. If during the probationary period your services are satisfactory, you will
receive full merit system status at the end of the six months.

Congratulations on your appointment.

Sincerely,

Jeannette Brown
Jeannette Brown
Transportation Office Manager

JB/jb
c:    Mr. R. F. Poiroux
      Mr. Jay Palmer
      Mrs. Debra Hadley
      Personnel File
      File (1924800)

DEFENDANT'S
EXHIBIT
24



**ALABAMA**
**DEP, .TMENT OF TRANSPORTA' ;ON**

NINTH DIVISION
OFFICE OF DIVISION ENGINEER
1701 NORTH BELTLINE HWY.
MOBILE, ALABAMA 36618-1109
Telephone: (251) 470-8200
Fax: (251) 479-3024



$K 71$

BOB RILEY
GOVERNOR

JOE MCINNIS
TRANSPORTATION DIRECTOR

March 2, 2006

Mr. L. D. Morris
Assistant Transportation Director
Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36130

Dear Mr. Morris:

RE:     Request for Above-the-Minimum Entrance Salary
        Name: Trenton E. Lowery
        SS#:
        Class Title/Code: Engineering Assistant I / 20111
        Amount/Step: $882.90 / Step 13

Mr. Lowery has interviewed for an Engineering Assistant I position with ALDOT. He is currently
working in the construction field with Ben Radcliff Contractor, Inc., with a salary of $11.00 per
hour. Mr. Lowery has two years experience in the construction field inspecting sub-contractors'
work using engineering tools such as a laser level to set grades for concrete work, etc. Mr.
Lowery also has 96 hours of college courses which include math classes that would be
beneficial to the Department.

Based on Mr. Lowery's experience and his current salary in a competitive field, I am requesting
his entrance salary to be at $11.04 per hour, $882.90 biweekly, Step 13 of the Engineering
Assistant I pay range.     *956.50 semi-monthly*

Your approval of this request will be appreciated.

If additional information is needed, please advise.

Sincerely,

R. F. Poiroux, P.E.
Division Engineer

RFP/jb
Attachment
c:    Mrs. Jeannette Brown

Approved                          Disapproved
Mr. Ron Green                     Mr. Ron Green
Personnel & Compliance Director

Approved   3/9/06                 Disapproved
Doug Lunsford                     Doug Lunsford
State Personnel Department

RECEIVED
MAR  8 2006
STATE PERSONNEL
DEPARTMENT

STATE PERSONNEL DEPT
PAYROLL AUDIT
2006 MAR -9  A 10: 55

3-6-06

Form 3 - Revised March 2000

**DO NOT WRITE IN THIS SPACE**

# APi ICATION FOR EXAMINAT ⊙N

RETURN TO: STATE OF ALABAMA
PERSONNEL DEPARTMENT
64 NORTH UNION STREET
P O BOX 304100
MONTGOMERY, ALABAMA 36130-4100

AN EQUAL OPPORTUNITY EMPLOYER

**General Instructions**

A separate application is required for each job. Do not write in shaded areas. Complete all parts of the application. Applications not properly completed will be returned. Photocopied and facsimile applications will be accepted.

ENTER SOCIAL SECURITY NUMBER BELOW,

Examination For Which You Are Applying (one per application)          Option (if applicable)

*Engineering Assistant I- 2011*

Full Name *Trenton*          *Earl*          *Lowery*
First          Middle          Last

Address ▨▨▨▨▨▨▨▨▨▨▨
House or Apartment Number          Street

*Wilmer*          *AL*          *Mobile*          *36587*
City          State          County          Zip Code

Telephone Number: Home ( )          Work (*251*) *666-7252*
Area Code          Area Code

The following information is required for governmental reporting or recordkeeping purposes:

Date of Birth  *11*   *04*   *1981*          Sex (check one) 1. (✓) Male   2. ( ) Female
(Month)   (Day)   (Year)

Race (check one) 1. (✓) White   2. ( ) Black   3. ( ) Hispanic   4. ( ) Asian or Pacific Islander   5. ( ) American Indian or Alaskan Native   6.( ) Other

**EDUCATION:**
High School Graduate or GED? (✓) Yes   ( ) No

CIRCLE OR BRACKET THE HIGHEST GRADE OF SCHOOL COMPLETED.
1  2  3  4  5  6  7  8  9  10  11  12   College 1 (2) 3  4

PROVIDE INFORMATION ON ALL SCHOOLS ATTENDED. SPECIFY UNDERGRADUATE OR GRADUATE WORK.

| Name and Location of School | Dates of Attendance Month/Year From | To | Credit Hours Sem. | Qtr. | Did You Graduate? Yes | No | Type of Degree and Date | Major |
|---|---|---|---|---|---|---|---|---|
| *Mary G. Montgomery H.S.* | *9/96* | *5/00* | | | ✓ | | | |
| *Faulkner State Comm. College* | *8/00* | *5/02* | *16* | *4* | | ✓ | *Adv Diploma* | *Gen. Studies* |

PROFESSIONAL LICENSE OR CERTIFICATE

| License/Certificate Issued By | Field/Trade/Specialization | License/Certificate No. | Issue Date | Expiration Date |
|---|---|---|---|---|
| | | | | |

LIST COURSES (AND HOURS) WHICH ARE PARTICULARLY RELATED TO THE POSITION (attach additional sheets, if needed)

**CERTIFICATION STATEMENT**

I certify that all statements on or attached to this application are true and correct to the best of my knowledge. I know that any false statements may cause me to be denied the chance for testing, to be removed from an employment register, or to be released from employment. I will not discuss the test I have taken. I further authorize the release of all relevant prior employment, military service, academic/school and criminal records. If employed I agree, consistent with applicable laws, to receive compensatory time off in lieu of overtime compensation for any overtime hours worked.

Signature *Trent Lowery*          Date *12/04/05*

During the application process, including testing and employment consideration, your name may be removed from an employment register for any disqualifying reason.

SOCIAL SECURITY NUMBER : [REDACTED]

| NAME | ADDRESS AND PHONE NUMBER | EMPLOYER |
|---|---|---|
| List three reliable persons, not relatives or present employer, who know you well enough to give information about you. | | |
| Ronald Curtis | [REDACTED] | Self Employed |
| Mike Moore | [REDACTED] | Self Employed |
| Steve Booker | [REDACTED] | BMR Ben M. Radcliff |

---

Should you need testing accommodations due to a health problem or disability, you must contact the State Personnel Department.

Have you ever been involuntarily terminated, discharged, forced or asked to resign from any job?    ( ) Yes    (✓) No

If you answered Yes to the above question, attach an explanation on a separate sheet noting any mitigating or extenuating circumstances.

Have you ever been convicted of a misdemeanor or felony crime?    (✓) Yes    ( ) No

If you answered Yes to the above question, list in the space below all prior misdemeanor and felony convictions and any extenuating or mitigating circumstances regarding such convictions. If necessary, you may use a separate sheet or sheets and attach to application.

Complicity ~8/2002   in Gulf Shores

DWI   ~7/2003   New Orleans   (pending expungement)

NOTE: A CRIMINAL CONVICTION WILL NOT NECESSARILY BE A BAR TO CONSIDERATION FOR EMPLOYMENT, EXCEPT THAT A FELONY CONVICTION WILL BAR EMPLOYMENT IN A LAW ENFORCEMENT JOB; THE DISCLOSURE OF A MISDEMEANOR CONVICTION WILL NOT AUTOMATICALLY RESULT IN DISQUALIFICATION. CRIMINAL HISTORIES WILL BE SUBMITTED TO THE NATIONAL CRIME INFORMATION CENTER (NCIC) FOR VERIFICATION. FAILURE TO DISCLOSE A CONVICTION MAY BE CONSIDERED AS GROUNDS FOR DISQUALIFICATION. FOR THESE REASONS, APPLICANTS SHOULD BE CAREFUL TO DISCLOSE ALL CRIMINAL CONVICTIONS.

---

## WORK HISTORY
### THIS SECTION MUST BE COMPLETED REGARDLESS OF WHETHER OR NOT A RESUME IS ATTACHED.

Begin with your PRESENT or most recent employment. List in REVERSE ORDER periods of employment. Each time you changed jobs or your title changed should be listed as a separate period. Describe in detail your duties. (Attach additional sheets if needed.)

1. Current or Last Employer: Ben M. Radcliff Contractors        Your Official Job Title: Carpenter's help

Address: Halls Mill Rd   Mobile AL   36609        Type of Business: Construction

| FROM Month | Year | TO Month | Year | Total Months | Number of Hours Per Week | Beginning Salary | | Ending Salary | | May we contact your employer? |
|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 03 | Present | | 25 | 40 | $ 10  Per hr | | $ 11  Per hr | | (✓) Yes  ( ) No |

Equipment You Operated: backhoe, forkliff, laser level, transit

Number/Title of Employees You Supervised On a Continuing Basis: 

Reason for Leaving: 

Name, Title and Telephone Number of Supervisor: Darrell Pitts Superintendant   (251) 331-7959

Describe Your Duties in Detail: Concrete form work, pour concrete, trim work, hang fascia bo, hang metal door frames, put down plywood decking on roof, general carpenter duties

Form 3 – Revised February 2002

**APPLICATION FOR EXAMINATION**

DO NOT WRITE IN THIS SPACE

RETURN TO: STATE OF ALABAMA
PERSONNEL DEPARTMENT
64 NORTH UNION STREET
P O BOX 304100
MONTGOMERY, ALABAMA 36130-4100

AN EQUAL OPPORTUNITY EMPLOYER

**General Instructions**

A separate application is required for each job. Do not write in shaded areas. Completed all parts of the application. Applications not properly completed will be returned. Photocopied and facsimile applications will be accepted.

ENTER SOCIAL SECURITY NUMBER BELOW.

Title of Examination (one per application): Engineering Assistant (20116)    Option (if applicable)

Full Name: LaShundra    Michelle    Yates
First    Middle    Last

Address: P.O. Box 66651
House or Apartment Number    Street

Mobile    AL    36660
City    State    County    Zip Code

Telephone Number: Home (251) 645-8363    Work (    )
Area Code    Area Code

The following information is required for governmental reporting or recordkeeping purposes:

Date of Birth: 10  27  1976    Sex (check one) 1. ( ) Male  2. (✓) Female
(Month)  (Day)  (Year)

Race (check one) 1. ( ) White  2. (✓) Black  3. ( ) Hispanic  4. ( ) Asian or Pacific Islander  5. ( ) American Indian or Alaskan Native  6. ( ) Other

EDUCATION:
High School Diploma or GED? (✓) Yes ( ) No

CIRCLE OR BRACKET THE HIGHEST GRADE OF SCHOOL COMPLETED.
1 2 3 4 5 6 7 8 9 10 11 12  College (1) 2 3 4

PROVIDE INFORMATION ON ALL SCHOOLS ATTENDED. SPECIFY UNDERGRADUATE OR GRADUATE WORK.

| Name and Location of School | Dates of Attendance Month/Year From | To | Credit Hours Sem. | Qtr. | Did You Graduate? Yes | No | Type of Degree and Date | Major |
|---|---|---|---|---|---|---|---|---|
| Paramedical Services Educational Program Mobile AL | 4/2001 | 4/2001 | | | | ✓ | Certificate 4/8/01 | Phlebotomy |
| University of South Alabama Mobile AL | 11/1996 | 11/1997 | | | | ✓ | | Pre-med |
| Williamson High Mobile AL | 9/1991 | 6/1995 | | | ✓ | | Advanced Diploma | |

PROFESSIONAL LICENSE OR CERTIFICATE

| License/Certificate Issued By | Field/Trade/Specialization | License/Certificate No. | Issue Date | Expiration Date |
|---|---|---|---|---|
| Paramedical Services Educational Program | Phlebotomy | Z-701081 | 4/8/2001 | |

LIST COURSES (AND HOURS) WHICH ARE PARTICULARLY RELATED TO THE POSITION (attach additional sheet

DEFENDANT'S EXHIBIT 3

**CERTIFICATION STATEMENT**

I certify that all statements on or attached to this application are true and correct to the best of my knowledge. I know that any false statements may cause me to be denied the chance for testing, to be removed from an employment register, or to be released from employment. I will not discuss the test I have taken. I further authorize the release of all relevant prior employment, military service, academic/school and criminal records. If employed I agree, consistent with applicable laws, to receive compensatory time off in lieu of overtime compensation for any overtime hours worked.

Signature: LaShundra Yates    Date: Feb. 8, 2003

During the application process, including testing and employment consideration, your name may be removed from an employment register for any disqualifying reason.

SOCIAL SECURITY NUMBER : █████████████

List three reliable persons, not relatives or present employer, who know you well enough to give information about you.

| NAME | ADDRESS AND PHONE NUMBER | EMPLOYER |
|---|---|---|
| Bertha Jackson | 570 Swartz Street 4737793 | D.O.T |
| Sally Brown | 2459 Karagan Street 471 3249 | Wilmer Hall |
| Cynthia Lewis Washington | 433 2639 | USA Hospital |

Should you need testing accommodations due to a health problem or disability, you must contact the State Personnel Department.

Have you ever been involuntarily terminated, discharged, forced or asked to resign from any job?  ( ) Yes  (✓) No

If you answered Yes to the above question, attach an explanation on a separate sheet noting any mitigating or extenuating circumstances.

Have you ever been convicted of a misdemeanor or felony crime?  (✓) Yes  ( ) No

If you answered Yes to the above question, list in the space below all prior misdemeanor and felony convictions and any extenuating or mitigating circumstances regarding such convictions. If necessary, you may use a separate sheet or sheets and attach to application.

traffic tickets

NOTE: A CRIMINAL CONVICTION WILL NOT NECESSARILY BE A BAR TO CONSIDERATION FOR EMPLOYMENT, EXCEPT THAT A FELONY CONVICTION WILL BAR EMPLOYMENT IN A LAW ENFORCEMENT JOB; THE DISCLOSURE OF A MISDEMEANOR CONVICTION WILL NOT AUTOMATICALLY RESULT IN DISQUALIFICATION. CRIMINAL HISTORIES WILL BE SUBMITTED TO THE NATIONAL CRIME INFORMATION CENTER (NCIC) FOR VERIFICATION. FAILURE TO DISCLOSE A CONVICTION MAY BE CONSIDERED AS GROUNDS FOR DISQUALIFICATION. FOR THESE REASONS, APPLICANTS SHOULD BE CAREFUL TO DISCLOSE ALL CRIMINAL CONVICTIONS.

## WORK HISTORY
### THIS SECTION MUST BE COMPLETED REGARDLESS OF WHETHER OR NOT A RESUME IS ATTACHED.

Begin with your PRESENT or most recent employment. List in REVERSE ORDER periods of employment. Each time you changed jobs or your title changed should be listed as a separate period. Describe in detail your duties. (Attach additional sheets if needed.)

| 1. Current or Last Employer The Junior League Shop | Your Official Job Title Sales Rep. |
|---|---|
| Address 85 N Sage St. | Type of Business Sales Rep. Retail |

| FROM | | TO | | Total Months | Number of Hours Per Week | Beginning Salary | Ending Salary | May we contact your employer? |
|---|---|---|---|---|---|---|---|---|
| Month 1 | Year 2002 | Month 8 | Year 2002 | 6 | 30 | $5.50 Per hour | $5.50 Per hour | (✓) Yes ( ) No |

| Number/Title of Employees You Supervised On a Continuing Basis  None | Equipment You Operated  Cash Register, calculator |
|---|---|
| Name, Title and Telephone Number of Supervisor  Gail Tart  471 3348 | Reason for Leaving |

Describe Your Duties in Detail  pricing clothes, customer service, and answering the phone

SOCIAL SECURITY NUMBER :  ███████████

| 2. Employer | Discount Auto Parts | | | | Your Official Job Title | Cashier |
|---|---|---|---|---|---|---|

Address  710 Dauphin Island Pkwy

Type of Business  Auto Parts Store

| FROM | | TO | | Total Months | Number of Hours Per Week | Beginning Salary | Ending Salary | May we contact your employer? |
|---|---|---|---|---|---|---|---|---|
| Month 3 | Year 1998 | Month 2 | Year 1999 | 11 | | $ 6.00 Per hour | $ 6.25 Per hour | (L) Yes ( ) No |

Number/Title of Employees You Supervised On a Continuing Basis  None

Equipment You Operated  Computer, Cash Register

Name, Title and Telephone Number of Supervisor  Chris Simms  4788580

Reason for Leaving  High Risk Pregnancy

Describe Your Duties in Detail  Assist customers and take inventory

| 3. Employer | Montgomery Wards | | | | Your Official Job Title | Sales Rep. |
|---|---|---|---|---|---|---|

Address  Bel Air Mall

Type of Business  Retail

| FROM | | TO | | Total Months | Number of Hours Per Week | Beginning Salary | Ending Salary | May we contact your employer? |
|---|---|---|---|---|---|---|---|---|
| Month 8 | Year 1997 | Month 2 | Year 1998 | 6 | | $ 5.50 Per hour | $ 5.60 Per hour | (L) Yes ( ) No |

Number/Title of Employees You Supervised On a Continuing Basis  None

Equipment You Operated  Cash Register

Name, Title and Telephone Number of Supervisor  Mr. Williams

Reason for Leaving  Seasonal

Describe Your Duties in Detail  Assist Customers

| 4. Employer | | | | | Your Official Job Title | |
|---|---|---|---|---|---|---|

Address

Type of Business

| FROM | | TO | | Total Months | Number of Hours Per Week | Beginning Salary | Ending Salary | May we contact your employer? |
|---|---|---|---|---|---|---|---|---|
| Month | Year | Month | Year | | | $ Per | $ Per | ( ) Yes ( ) No |

Number/Title of Employees You Supervised On a Continuing Basis

Equipment You Operated

Name, Title and Telephone Number of Supervisor

Reason for Leaving

Describe Your Duties in Detail

5. USING THE ABOVE FORMAT, SHOW OTHER EXPERIENCE BY USING ADDITIONAL SHEETS.

SOCIAL SECURITY NUMBER ▪ ███████████

## COMPLETE THIS SECTION IF YOU ARE CLAIMING VETERAN'S PREFERENCE

If you claim Veteran's Preference, check the type below. Attach copies (which will not be returned) of the required documents to support your claim.
1 ( ) Veteran (5 points) - Requires DD214 or document showing dates of service and type of discharge. If this has been submitted previously and is on file with this office, you may disregard this requirement.
2 ( ) Disabled Veteran (10 points) - Requires DD214 or other document as above and letter of disability from V.A. dated within last 6 months. V.A. letter must be kept updated until register is established or you lose the extra 5 points.
3 ( ) Deceased Veteran's spouse (10 points) - Requires DD214 or other document as above and marriage and death certificates. Cannot be claimed if spouse remarries.
4 ( ) Disabled Veteran's spouse (10 points) - Requires DD214 or other document as above and V.A. letter of disability dated within last 6 months. Cannot be claimed unless still married to disabled veteran.
5 ( ) Permanently Disabled Veteran (10 points) - Requires DD214 or other document as above indicating veteran is permanently disabled or DD214 or other document and V.A. letter indicating permanent disability.

## COMPLETE THIS SECTION IN ORDER TO BE SCHEDULED FOR WRITTEN EXAMS

Written exams will be given in the places below for which a sufficient number of applicants express preference. Indicate by number your 1st, 2nd and 3rd choices.
1 ( ) Alexander City    3 ( ) Birmingham    5 ( ) Dothan    7 ( ) Linden    9 ( ) Montgomery    12 ( ) Tuscaloosa
2 ( ) Andalusia    4 ( ) Decatur    6 ( ) Jacksonville    8 ( ) Mobile    10 ( ) Selma
If you qualify, you will receive a notice showing the place and time you are to report for the exam.

## Where did you learn of this job? (check all that apply)

1 ( ) State Employment Service    5 (✗) Friend/Relative    9 ( ) Legislative Representative    13 ( ) TV/Radio Commercial
2 ( ) Job Announcement Notice    6 ( ) Dept. News Bulletin    10 ( ) State Recruiter/Counselor    14 ( ) Other _____
3 ( ) Newspaper    7 ( ) Rehabilitation Services    11 ( ) State Personnel Dept. Information Board    15 ( ) State Personnel Dept. Website
4 ( ) College Placement/Career Office    8 ( ) High School Counselor    12 ( ) Outreach Program (i.e. Church)    16 ( ) Other Website

## AVAILABILITY



81 - Northwest Alabama
17 Colbert
30 Franklin
39 Lauderdale
40 Lawrence

84 - Jasper/ Winfield Area
29 Fayette
38 Lamar
47 Marion
64 Walker
67 Winston

87 - East Central Alabama
08 Calhoun
09 Chambers
14 Clay
15 Cleburne
19 Coosa
56 Randolph
61 Talladega
62 Tallapoosa

90 - Montgomery Area
01 Autauga
26 Elmore
43 Lowndes
51 Montgomery

93 - South Central Alabama
07 Butler
18 Conecuh
20 Covington
21 Crenshaw
27 Escambia
50 Monroe

82 - Huntsville/ Decatur Area
36 Jackson
42 Limestone
45 Madison
48 Marshall
52 Morgan

85 - Tuscaloosa Area
04 Bibb
32 Greene
33 Hale
54 Pickens
60 Sumter
63 Tuscaloosa

88 - Southwest Alabama
12 Choctaw
13 Clarke
46 Marengo
65 Washington

91 - Phenix City/ Troy Area
03 Barbour
06 Bullock
41 Lee
44 Macon
55 Pike
57 Russell

94 - Dothan Area
16 Coffee
23 Dale
31 Geneva
34 Henry
35 Houston

83 - Northeast Alabama
10 Cherokee
25 DeKalb
28 Etowah

86 - Birmingham Area
05 Blount
22 Cullman
37 Jefferson
58 Shelby
59 St. Clair

89 - Selma/Clanton Area
11 Chilton
24 Dallas
53 Perry
66 Wilcox

92 - Mobile Area
02 Baldwin
49 Mobile

95 - Statewide
(You will be considered for vacancies throughout the state. Relocation may be necessary)

Please answer the following questions with care. List in the spaces provided those areas of the state in which you would accept employment You will be considered for employment only in the locations you indicate. You may choose a combination of up to three counties and/or regions from the list above. If you list a region, you will be considered available for all counties in that region. The counties in each region are listed alphabetically below the region. You will not be considered for jobs involving overnight travel or shift work unless you so indicate.

List the numbers of up to 3 counties and/or regions where you are willing to work __49__ _____

If you want to be considered for appointment by only certain state agencies, indicate here _____

Will you accept work involving overnight travel? ( ) Yes (✓) No    Will you accept part-time work? (✓) Yes ( ) No

Will you accept temporary work? (✓) Yes ( ) No

Which shifts are you willing to work? 0. ( ) all shifts    1. ( ) 1st only    2. ( ) 2nd only    3. ( ) 3rd only    4. (✓) 1st and 2nd only    5. ( ) 1st & 3rd only    6. ( ) 2nd & 3rd only

Enter the earliest date you will be available to interview for employment. (Your name will not appear on a list of eligibles until this date.) __2__ __10__ __08__
                                                                                                          Month  Day  Year

NOTE: Your name will be placed on inactive status for this class after declining three offers of employment consideration or failing to reply to an agency's inquiry concerning your availability. Your name may be restored to the active register by written request.

714 S. Cedar Street

# Lashundra Yates

**Objective**       To establish a secure future with a lucrative company.

**Experience**     2003-2004       Bernard's Contracting      Mobile, AL
**Secretary**
- Answered multiple phone lines.
- Data entry updates.
- Typed and faxed estimates and weekly payroll.

2002-2003       The Junior League Shop      Mobile, AL
**Retail Sales Associate**
- Assist in daily customer service.
- Sort, price and stock merchandise.
- PT cashier.

1998-1999       Discount Auto Parts      Mobile, AL
**Cashier/Head Team Member**
- Assist in daily customer service.
- Receiving and inventory.
- Increased daily sales of merchandise.

1996-1998       Montgomery Wards      Mobile, AL
**Sales Representative**
- Customer service and inventory of the electronics department.
- Developed excellence in sales training course.

**Education**     2001       Paramedical Services      Mobile, AL
Educational Program
- I received a certificate in Phlebotomy. License #2701080.

**Interests**     Running, reading and helping others.

**Honors**     I am currently a volunteer at the Franklin Primary Health Center. I assist in the lab by performing venipunctures and various test on urine samples.

References upon request.